IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ADVANCED TECHNOLOGY
SERVICES, INC.,
    Plaintiff,

    v.

KM DOCS, LLC, et al.,
    Defendants.

CIVIL ACTION FILE
NO. 1:11-CV-3121-TWT

OPINION AND ORDER

The Defendants move for attorneys' fees and costs, which may be awarded in the Court's discretion to the prevailing party in a civil action under the Copyright Act. The Court granted the Defendants' Motion for Summary Judgment on the Plaintiff's claim of copyright infringement. The Defendants argue that the Plaintiff's copyright claim was frivolous and objectively unreasonable, and was brought to harass the Defendants. The Court finds that while the Plaintiff did not produce sufficient evidence in discovery to defeat the Defendants' motion on the copyright claim, the claim was not frivolous and was not objectively unreasonable. Furthermore, there is no evidence to support the Defendants' speculative assertion that the Plaintiff brought the copyright claim to harass the Defendants.

I. Background

The Plaintiff, Advanced Technology Services, Inc. ("ATS"), sells a document imaging software program called OptiDoc. (Compl. ¶ 5.) OptiDoc is a complete document management program that integrates with other software packages. (Mischke Aff. ¶¶ 7-8.) The Defendants Miles Waldron and Harvey Heath are both former employees of ATS. Waldron was a lead software engineer for ATS and had access to the source code for OptiDoc while employed by the company. (Compl. ¶¶ 7 & 11.) While at ATS, Waldron signed a Trade Secrets Agreement and a Non-Competition, Non-Solicitation and Non-Disclosure Agreement. (Compl. ¶ 10.) Waldron resigned from ATS on June 1, 2010 (Compl. ¶ 12) and Heath resigned on or about July 7, 2010. (Compl. ¶ 13.) On July 17, 2010, Waldron and Heath announced their company KM Docs with screen shots of their software DocUnity and DocDNA. (Compl. ¶ 14.) DocUnity and DocDNA are document imaging products that compete with ATS' OptiDoc software. ATS states that DocUnity and DocDNA are similar in look and function to OptiDoc. (Compl. ¶¶ 14-15.) The Plaintiff alleges that "[d]efendants Heath and Waldron conspired together during the last year of employment with ATS to unlawfully take, misappropriate and steal the OptiDoc software." (Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss, at 5.)

The Complaint was filed in the Superior Court of Fulton County, Georgia on September 8, 2011, and was removed to this Court on September 15, 2011 [Doc. 1]. The Plaintiff brought several claims in addition to its claim for copyright infringement, including misappropriation, conversion, tortious interference with Waldron's contract, tortious interference with ATS' contract with customers, breach of contract, fraud, violation of the Georgia RICO Act, injunctive relief, breach of fiduciary duty to ATS, theft of corporate opportunity, conspiracy, punitive damages, and attorneys' fees. The Defendants filed a Motion for Summary Judgment on February 4, 2013 [Doc. 42].

On April 9, 2013, the Court ruled on the Defendants' Motion for Summary Judgment [Doc. 53]. The Defendants prevailed on the copyright claim in their Motion for Summary Judgment. The Court declined to exercise supplemental jurisdiction over the remaining state law claims, and remanded the action to the Superior Court of Fulton County.

## II. Attorneys' Fees and Costs Under the Copyright Act

The award of attorneys' fees and costs under the Copyright Act is within the discretion of the Court. 17 U.S.C. § 505; Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994). The Court may choose to consider "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the

need in particular circumstances to advance consideration of compensation and deterrence." Fogerty, 510 U.S. at 534 n. 19. These factors are merely possible factors that the Court may choose to consider and are nonexclusive.

### III. Discussion

The Defendants argue that the Plaintiff's copyright claim was frivolous and objectively unreasonable, and was brought to harass the Defendants. The Court disagrees. The Plaintiff's evidence of copyright infringement consisted of photographic and video evidence and circumstantial evidence. The Defendants published screen shots and YouTube videos of its product DocUnity/DocDNA, and these screen shots and videos demonstrated similarities to the Plaintiff's OptiDoc product. (Second Mischke Aff. ¶ 12.) The screen shots also demonstrated a software concept that ATS alone had developed. (Id. at ¶ 6.)

The Plaintiff also had circumstantial evidence of copyright infringement. Defendant Waldron had previously tried to sell OptiDoc source code to a third party (Id. at ¶ 3), and soon after leaving ATS' employment the Defendants attended a trade show with their competing document product. Writing the source code from scratch for a program like OptiDoc or DocUnity/DocDNA would take an experienced software engineer approximately four years. (First Mischke Aff. ¶¶ 16, 19.) The Defendants had access to ATS' product (Id. at ¶¶ 12-13) and a motive to copy ATS'

product in order to eliminate the time and expense of creating a document imaging program from scratch.

The Defendants argue that because the Plaintiff failed to hire an expert to compare the source code of OptiDoc and DocUnity/DocDNA, the Plaintiff did not actually intend to prosecute its copyright claims, and simply intended to harass the Defendants. This argument is very speculative, and based upon the reasoning above, the Court finds that the Plaintiff pursued its copyright claim in good faith.

While a finding of bad faith is not necessary to award attorneys' fees and costs, see Original Appalachian Artworks, Inc. v. Toy Loft, Inc., 684 F.2d 821, 832 (11th Cir. 1982), the Court's finding that the Plaintiff did not bring its copyright claim in bad faith weighs in its favor in the Court's determination to deny attorneys' fees and costs to the Defendants. See Sherry Mfg. Co. v. Towel King of Florida, Inc., 822 F.2d 1031, 1034 (11th Cir. 1987) (holding that the losing plaintiff's good faith is a factor which the district court can consider in its discretion to justify the denial of fees). As the Court does not believe that the Plaintiff exercised bad faith, the primary purpose behind imposing costs as a deterrent mechanism is absent. See, e.g., Kebodeaux v. Schwegmann Giant Super Mkts., Civ. Act. No. 92-2086, 1994 U.S. Dist. LEXIS 13072, at *3 (E.D. La. Sept. 14, 1994) (finding that "it would be inconsistent with the

purposes of the Copyright Act to deter plaintiffs...from bringing suits when they have reason to believe, in good faith, that their copyrights have been infringed.").

## IV.  Conclusion

For the reasons set forth above, the Court DENIES the Defendants' Motion for Attorneys' Fees and Costs [Doc. 56].

SO ORDERED, this 27 day of June, 2013.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge